ALEXANDER DOBSON v. STATE OF NEBRASKA.

FILED APRIL 10, 1901. No. 11,471.

1. **Erroneous Instruction:** OMISSION OF ESSENTIAL ELEMENT: NOT CURED BY CORRECTIVE ONE. An instruction whereby the whole case is attempted to be covered, but which omits an essential element, is erroneous and is not cured by another instruction which covers the point.

2. **Larceny:** FELONIOUS INTENT. To constitute larceny there must have existed a felonious intent at the time of the taking.

Dobson v. State.

Error from the district court for Cherry county. Tried below before Westover, J.  *Reversed.*

*Hamer & Hamer* and *J. Wesley Tucker*, for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown, Deputy,* and *Michael F. Harrington, contra.*

*M. F. Harrington:* The question of whether a person charged with an infamous crime before a state court can be tried upon information is no longer an open question. *Bolln v. Nebraska,* 176 U. S., 83.

Norval, C. J.

Alexander Dobson was prosecuted in the district court of Cherry county for stealing a calf. The judgment of conviction is here for review.

. Among the numerous errors assigned is one relating to the giving of the fifth instruction, a copy of which follows: "You are instructed that in this case if you are convinced by the evidence beyond a reasonable doubt that the defendant on or about the 30th day of November, 1899, in Cherry county, Nebraska, took the calf described in the information from the range or prairie at or near his home in Cherry county, Nebraska, into his possession, and on or about said time sold and delivered the same to one Jerry Kelley with the intention then and there to convert said calf to his own use, and to permanently deprive the owner thereof of his said property, then you are instructed that such action on his part would constitute a larceny of said calf within the meaning of the laws of this state." By this instruction the court attempted to cover the whole case. If it omitted an essential element of larceny, the giving it was error. *Barnes v. State,* 40 Nebr., 545; *McAleer v. State,* 46 Nebr., 116; *Runge v. Brown,* 23 Nebr., 817; *Gilbert v. Merriam & Roberson Saddlery Co.,* 26 Nebr., 194; *Bowie v. Spaids,* 26 Nebr., 635; *Thompson v.*

*People,* 4 Nebr., 524; *Baldwin v. State,* 12 Nebr., 61.   This is true, even though another instruction may include the element omitted in the one by which the court attempts to state to the jury the essential ingredients of the crime. *Richardson v. Halstead,* 44 Nebr., 606; *Carson v. Stevens,* 40 Nebr., 112; *First Nat. Bank of Denver v. Lowrey,* 36 Nebr., 290; *Barr v. State,* 45 Nebr., 458; *Metz v. State,* 46 Nebr., 547.   By this instruction the jury were told that it was their duty to find the defendant guilty if the facts therein set forth were proved.   The instruction omits one essential element of the crime of larceny, a felonious intent.   It is true that it is not necessary that the words "felonious" or "feloniously" be used by the court, provided words of like import or meaning are employed. *Philamalee v. State,* 58 Nebr., 320.   In the instruction complained of not even the words "wrongful" or "unlawful" appear.   The jury were instructed merely that if he took the calf and delivered it to Kelley with the intention to convert it to his own use and permanently deprive its owner of his property, the crime had been proved.   This would have been his intent had he purchased the calf of its owner, or had the latter given it to him.   Hence, there were no words in the instruction which imported that a felonious intent in the taking was necessary.   It was, therefore, erroneous, and for that reason defendant is entitled to a new trial.

Numerous other errors are alleged in the petition in error and urged in the brief of defendant.   We do not deem it necessary to discuss them.   Many are trivial, others not likely to appear on another trial.

The judgment of the lower court is

REVERSED.